IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr296

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>WILLIAM BRIAN TORRENCE (2) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 78), and the government's response (Doc. No. 86).

The defendant pled guilty to conspiring to possess at least 1.5 kilograms of cocaine base with intent to distribute (Count One) and using and carrying a firearm during and in relation to that offense (Count Five). (Doc. No. 34: Judgment at 1; Doc. No. 28: Plea Agreement at 1-2). The resulting offense level of 38 was reduced by 3 for accepting responsibility. (Presentence Report (PSR) at ¶¶ 21, 28). Combined with a criminal history category of III, the resulting advisory guideline range was 270-322 months. (Doc. No. 35: Statement of Reasons (SOR) at 1). The Court sentenced the defendant to 210 months' imprisonment on Count One and 60 consecutive months on Count Five, the low end of the range. (Doc. No. 34: Judgment at 1).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 78). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. The amended offense level for possessing at least 1.5 kilograms of cocaine base is

36. USSG Supp. to Appx. C., Amend. 706 (2007). The subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 33. The amended guideline range, given a criminal history category of III, is 168-210 months on Count One. The government consents to imposing a 168-month sentence on Count One, the low end of the amended range. (Doc. No. 86: Response at ¶ 9). Because this matter is not before the Court for a full resentencing, the Court may not grant the defendant's request to sentence beneath the amended guidelines range. <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691-92 (2010); <u>United States v. Dunphy</u>, 551 F.3d 247, 251-53 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 2401 (2009).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence on Count One is reduced to 168 months' imprisonment.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge